SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MATTHEW D. CARLSON (State Bar No. 273242)
(mcarlson@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
Telephone:    (415) 630-2651
Facsimile:    (617) 995-5801

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAEF LAWSON, in his capacity as Private Attorney General Representative,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Case No. _____<br><br>**PRIVATE ATTORNEY GENERAL ACT (PAGA) REPRESENTATIVE COMPLAINT**<br><br>1. PRIVATE ATTORNEY GENERAL ACT (PAGA) CLAIM FOR CIVIL PENALTIES (CAL. LAB. CODE § 2698 *ET SEQ.*) |

## I. **INTRODUCTION**

1. This case is brought as a representative action on behalf of the State of California for penalties under the Private Attorney General Act ("PAGA"), Cal. Lab. Code §2699, *et seq.*, arising out of for Defendants' wage violations against delivery drivers who have worked for Amazon.com, Inc. or Amazon Logistics, Inc. (together, "Amazon") in California who have contracted directly with Amazon and have been classified as independent contractors. Amazon is a commercial seller of electronic and consumer goods through its website, providing delivery service of its various products to its customers' homes.

2. As described further below, Amazon has misclassified delivery drivers with whom it has directly contracted as independent contractors when they are actually employees. In doing so, Amazon has violated various provisions of California Labor Code including: (1) Cal. Labor Code §2802 for failure to reimburse delivery drivers for all necessary business expenses such as gas and car maintenance; and (2) Cal. Labor Code § 226(a) for failure to provide itemized wage statements that provide the number of hours worked, how compensation was calculated, and other required information. On behalf of the State of California, Plaintiff Raef Lawson, seeks recovery of all penalties that may be imposed against Defendants under PAGA for these violations.[1]

---

[1] In addition to Mr. Lawson, a second named plaintiff, Freddie Carroll III, has also recently filed a letter with the California Labor and Workforce Development Agency (and Amazon's general counsel) on March 10, 2017, stating that he likewise intends to pursue claims under PAGA predicated on the Labor Code violations set forth herein. Thus, once the requisite 65-day time period has run after filing this letter, Plaintiff intends to amend the Complaint to add Mr. Carroll as an additional plaintiff.

Both Mr. Lawson and Mr. Carroll are currently named plaintiffs in a class action case brought on behalf of delivery drivers against Amazon for related violations under federal and state law. That case, *Rittman v. Amazon*, Case No. 2:16-cv-01554-JCC (W.D. Wa), is currently stayed, based upon pending appeals related to the potential enforceability of Amazon's arbitration clause. *See* Dkt. 77 (staying action in light of *Morris v. Ernst & Young, LLP*, 834 F.3d

PRIVATE ATTORNEY GENERAL ACT (PAGA) REPRESENTATIVE COMPLAINT

## II. **PARTIES**

3. Plaintiff Raef Lawson is an adult resident of Los Angeles, California, where he has worked as an Amazon delivery driver in the Los Angeles area. Mr. Lawson contracted directly with Amazon to perform delivery services.

4. Defendant Amazon.com, Inc. is a Delaware corporation, headquartered in Seattle, Washington. It has more than fifty employees.

5. Defendant Amazon Logistics, Inc. is a Delaware corporation, headquartered in Seattle, Washington. It has more than fifty employees. On information and belief, Amazon Logistics, Inc. is a subsidiary of Amazon.com, Inc., and delivery drivers such as the named Plaintiffs have contracted directly with Amazon through Amazon Logistics, Inc. Together, Amazon.com, Inc. and Amazon Logistics, Inc. are referred to in this complaint collectively as "Amazon."

## III. **JURISDICTION**

6. The Court has jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1332(a)(1), because Defendants are Washington citizens and Plaintiff resides in California, and, upon information and belief, the amount in controversy exceeds $75,000. In

---

975 (9th Cir. 2016) *cert. granted* 137 S.Ct. 809 (2017) and *Van Dusen v. Swift Transp. Co.*, No. 17-15102 (9th Cir. Jan. 20, 2017)). However, because the viability of a representative PAGA action brought on behalf of the State of California would not be affected by any rulings regarding whether arbitration clauses can be enforced so as to prevent or reduce the scope of a class case, *see Iskanian v. CLS Transp. Los Angeles, LLC* 59 Cal.4th 348, 387-91 (2014) (arbitration clause cannot prevent worker from pursuing representative action under PAGA), Mr. Lawson and Mr. Carroll intend to pursue this separate case in California to pursue these claims under PAGA. Also, because the *Rittman* case concerns drivers throughout the country, based upon related federal and state wage laws, Mr. Lawson and Mr. Carroll believe it is appropriate for this separate case to proceed in a California federal court under PAGA, which has different procedural requirements from a class claim.

3
PRIVATE ATTORNEY GENERAL ACT (PAGA) REPRESENTATIVE COMPLAINT

addition, the Court has jurisdiction over Plaintiff's California state law claims under the federal Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because Defendants are Washington citizens and members of this class reside primarily in California; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

## IV. STATEMENT OF FACTS

7. Amazon is a Seattle-based electronic retailer that provides delivery service of consumer and electronic goods to its customers in cities throughout the country.

8. Amazon contracts directly with drivers to provide these delivery services. Although classified as independent contractors, these delivery drivers are actually employees. Drivers receive (unpaid) training regarding how to interact with customers and how to handle issues they encounter while making deliveries. They must follow Amazon's instructions regarding where to make deliveries, in what order, and which route to take. Drivers can be penalized or terminated for missing scheduled shifts. Drivers also must follow requirements and rules imposed on them by Amazon and are subject to termination, based on Amazon's discretion and/or their failure to adhere to these requirements (such as rules regarding their conduct with customers, their timeliness in making deliveries, their scanning of packages, and their conduct when picking up or returning packages to the warehouse, etc.).

9. In addition, Amazon is in the business of providing delivery service to customers, and that is the service that delivery drivers provide. The drivers' services are fully integrated into Amazon's business.

10. However, based on its classification of them as independent contractors, Amazon requires its drivers to pay for many of the expenses necessary to perform their job, including expenses for their vehicles, gas, phone and data plan. For example, during the week of December 18 to 24, 2016, Plaintiff Raef Lawson drove more than 200 miles to make deliveries for Amazon and had to pay for his own gas. Likewise, he had to pay for his own phone data

4

PRIVATE ATTORNEY GENERAL ACT (PAGA) REPRESENTATIVE COMPLAINT

while he ran the Amazon application on his phone for hours at a time.

11.     Amazon delivery drivers do not receive proper itemized wage statements from Amazon and instead are simply provided with weekly totals reflecting how much money they were paid that week without showing how many hours they actually worked performing deliveries or how compensation was calculated. Amazon's general counsel was informed of these deficiencies by a letter from the Plaintiffs dated November 23, 2016, but has not remedied the violations, and instead, has willfully continued to distribute deficient pay statements to drivers.

### V.     PAGA REPRESENTATIVE ACTION ALLEGATIONS

12.     On November 23, 2016, Plaintiff Lawson gave written notice of Amazon's violations of various provisions of the California Labor Code as alleged in this complaint to Amazon via certified mail and to the Labor and Workforce Development Agency ("LWDA") through its website's online filing system.

13.     More than sixty-five days have lapsed since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations. See Cal. Lab. Code § 2699.3(a)(2)(A).

14.     Plaintiff alleges that Amazon violated PAGA in the following ways: (1) failure to reimburse its drivers for all necessary expenditures incurred in performing their duties, including but not limited to fuel, car maintenance, phones, and data, in violation of Labor Code § 2802; (2) failure to provide itemized wage statements in violation of § 226(a); and (3) failure to maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed" in California in violation of Cal. Labor Code § 1174(d).

# COUNT I

## Private Attorney General Act, Cal. Labor Code § 2699, *et seq.*

15. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Plaintiff is an aggrieved employee as defined by Cal. Lab. Code § 2699(c) as he was employed by Amazon during the applicable statutory period and suffered injury as a result of Amazon's Labor Code violations. Accordingly, Plaintiff seeks to recover on behalf of the State of California, as well as himself and all other current and former aggrieved employees of Amazon who have worked in California, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

16. Amazon drivers are entitled to penalties for Amazon's violations of Cal. Lab. Code §§ 2802, 226(a), and 1174(d) as set forth by Cal. Lab. Code § 2699(f). Plaintiff seeks civil penalties pursuant to PAGA for (1) failure to reimburse delivery driver employees for all necessary expenditures incurred in performing their duties, including but not limited to fuel, car maintenance, parking, phones, and data, in violation of Labor Code § 2802  (2) failure to provide itemized wage statements in violation of § 226(a); and (3) failure to maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed" in California in violation of § 1174(d).

17. Cal. Lab. Code § 2699(f) provides for civil penalties for violation of all Labor Code provisions for which no civil penalty is specifically provided. There is no specified civil penalty for violations of Cal. Lab. Code § 2802. With respect to violations of Labor Code § 226(a), Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226(a). With respect to minimum wage violations under Cal. Lab. Code § 1174.5 imposes a civil

penalty of five hundred ($500) for each employee.

18. Plaintiff Lawson complied with the notice requirement of Cal. Lab. Code § 2699.3 and served a written notice to the California Labor & Workforce Development Agency ("LWDA") through its website's online filing portal, and on Defendant Amazon via Certified Mail, return receipt requested, on November 23, 2016. It has been 65 days or more since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that Amazon violated California Labor Code § 2808, §226(a), and § 1174(d), and award all applicable civil penalties pursuant to PAGA;

b. Award all costs and attorney's fees incurred prosecuting this claim;

c. Such other relief as in law or equity may pertain.

Dated: March 31, 2017

        Respectfully submitted,

        RAEF LAWSON, in his capacity as Private Attorney General Representative,

        s/ Shannon Liss-Riordan
        Shannon Liss-Riordan, SBN 310719
        LICHTEN & LISS-RIORDAN, P.C.