SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:   (617) 994-5801

MATTHEW D. CARLSON (State Bar No. 273242)
(mcarlson@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
Telephone:   (415) 630-2651
Facsimile:   (617) 994-5801

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAIN MACK, in his capacity as Private Attorney General Representative,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Case No. 2:17-cv-02515<br><br>**AMENDED PRIVATE ATTORNEY GENERAL ACT (PAGA) REPRESENTATIVE COMPLAINT**<br><br>1. PRIVATE ATTORNEY GENERAL ACT (PAGA) CLAIM FOR CIVIL PENALTIES (CAL. LAB. CODE § 2698 *ET SEQ.*) |

1

AMENDED PRIVATE ATTORNEY GENERAL ACT (PAGA) REPRESENTATIVE COMPLAINT

## I. INTRODUCTION

1. This case is brought as a representative action on behalf of the State of California for penalties under the Private Attorney General Act ("PAGA"), Cal. Lab. Code §2699, *et seq.*, arising out of Defendants' wage violations against delivery drivers who have worked for Amazon.com, Inc. or Amazon Logistics, Inc. (together, "Amazon") in California who have contracted directly with Amazon and have been classified as independent contractors. Amazon is a commercial seller of electronic and consumer goods through its website, providing delivery service of its various products to its customers' homes.

2. As described further below, Amazon has misclassified delivery drivers with whom it has directly contracted as independent contractors when they are actually employees. In doing so, Amazon has violated various provisions of California Labor Code including: (1) Cal. Labor Code §2802 for failure to reimburse delivery drivers for all necessary business expenses such as gas and car maintenance; and (2) Cal. Labor Code § 226(a) for failure to provide itemized wage statements that provide the number of hours worked, how compensation was calculated, and other required information. On behalf of the State of California, Plaintiff Iain Mack seeks recovery of all penalties that may be imposed against Defendants under PAGA for these violations.

## II. PARTIES

2. Plaintiff Iain Mack is an adult resident of San Diego, California, where he has worked as an Amazon delivery driver in the San Diego area. Mr.

Mack contracted directly with Amazon to perform delivery services.[1]

4. Defendant Amazon.com, Inc. is a Delaware corporation, headquartered in Seattle, Washington. It has more than fifty employees.

5. Defendant Amazon Logistics, Inc. is a Delaware corporation, headquartered in Seattle, Washington. It has more than fifty employees. On information and belief, Amazon Logistics, Inc. is a subsidiary of Amazon.com, Inc., and delivery drivers such as the named Plaintiff have contracted directly with Amazon through Amazon Logistics, Inc. Together, Amazon.com, Inc. and Amazon Logistics, Inc. are referred to in this complaint collectively as "Amazon."

### III. JURISDICTION

6. The Court has jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1332(a)(1), because Defendants are Washington citizens and Plaintiff resides in California, and the amount in controversy exceeds $75,000.

### IV. STATEMENT OF FACTS

7. Amazon is a Seattle-based electronic retailer that provides delivery service of consumer and electronic goods to its customers throughout the country.

8. Amazon contracts directly with drivers to provide these delivery services. Although classified as independent contractors, these delivery drivers are actually employees. Drivers receive (unpaid) training regarding how to interact with customers and how to handle issues they encounter while making deliveries. They must follow Amazon's instructions regarding where to make deliveries, in what order, and which route to take. Drivers can be penalized or terminated for

---

[1] By stipulation, this Complaint is being amended now to substitute Iain Mack in place of Raef Lawson as the named plaintiff in this action.

3
AMENDED PRIVATE ATTORNEY GENERAL ACT (PAGA) REPRESENTATIVE COMPLAINT

missing scheduled shifts.  Drivers also must follow requirements and rules imposed on them by Amazon and are subject to termination, based on Amazon's discretion and/or their failure to adhere to these requirements (such as rules regarding their conduct with customers, their timeliness in making deliveries, their scanning of packages, and their conduct when picking up or returning packages to the warehouse, etc.).

9. In addition, Amazon is in the business of providing delivery service to customers, and that is the service that delivery drivers provide.  The drivers' services are fully integrated into Amazon's business.

10. However, based on its classification of them as independent contractors, Amazon requires its drivers, including Plaintiff Iain Mack, to pay for many of the expenses necessary to perform their job, including expenses for their vehicles, gas, phone and data plan.  Likewise, drivers, including Plaintiff Iain Mack, had to pay for their own phone data while they ran the Amazon application on their phones for hours at a time.

11. Amazon delivery drivers do not receive proper itemized wage statements from Amazon and instead are simply provided with weekly totals reflecting how much money they were paid that week without showing how many hours they actually worked performing deliveries or how compensation was calculated.

12. Amazon's general counsel was informed of these deficiencies, through the letters described below, but it has not remedied the violations.

## V. PAGA REPRESENTATIVE ACTION ALLEGATIONS

13. Pursuant to statutory requirements, Plaintiff gave written notice of Amazon's violations of various provisions of the California Labor Code as alleged in this complaint to Amazon via certified mail and to the Labor and Workforce Development Agency ("LWDA") through its website's online filing system.[2]

14. Plaintiff alleges that Amazon violated PAGA in the following ways: (1) failure to reimburse its drivers for all necessary expenditures incurred in performing their duties, including but not limited to fuel, car maintenance, phones, and data, in violation of Labor Code § 2802; (2) failure to provide itemized wage statements in violation of § 226(a); and (3) failure to maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed" in California in violation of Cal. Labor Code § 1174(d).

---

[2] Raef Lawson, the original named plaintiff who filed this case, submitted written notice to the LWDA of Defendants' PAGA violations on November 23, 2016. By stipulation of the parties, Iain Mack is now substituting in as the named plaintiff in this case. Although Plaintiff contends that the statute of limitations for PAGA penalties should be based on Lawson's original filing, in an abundance of caution, Mack also submitted written notice to the LWDA of Defendants' PAGA violations on May 18, 2017. More than sixty-five days have lapsed since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations. See Cal. Lab. Code § 2699.3(a)(2)(A).

# COUNT I

## Private Attorney General Act, Cal. Labor Code § 2699, *et seq.*

15.   Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Plaintiff is an aggrieved employee as defined by Cal. Lab. Code § 2699(c) as he was employed by Amazon during the applicable statutory period and suffered injury as a result of Amazon's Labor Code violations. Accordingly, Plaintiff seeks to recover on behalf of the State of California, as well as himself and all other current and former aggrieved employees of Amazon who have worked in California, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

16.   Amazon drivers are entitled to penalties for Amazon's violations of Cal. Lab. Code §§ 2802, 226(a), and 1174(d) as set forth by Cal. Lab. Code §2699(f).  Plaintiff seeks civil penalties pursuant to PAGA for: (1) failure to reimburse delivery driver employees for all necessary expenditures incurred in performing their duties, including but not limited to fuel, car maintenance, parking, phones, and data, in violation of Labor Code § 2802; (2) failure to provide itemized wage statements in violation of § 226(a); and (3) failure to maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed" in California in violation of § 1174(d).

17.   Cal. Lab. Code § 2699(f) provides for civil penalties for violation of all Labor Code provisions for which no civil penalty is specifically provided. There is no specified civil penalty for violations of Cal. Lab. Code § 2802. With respect to violations of Labor Code § 226(a), Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars

($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code §226(a).

18. Plaintiff complied with the notice requirement of Cal. Lab. Code §2699.3 and served a written notice to the California Labor & Workforce Development Agency ("LWDA") through its website's online filing portal. It has been 65 days or more since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that Amazon violated California Labor Code § 2802, §226(a), and § 1174(d), and award all applicable civil penalties pursuant to PAGA;

b. Enter an injunction requiring Amazon to comply with these provisions of California law;

c. Award all costs and attorney's fees incurred prosecuting this claim;

d. Such other relief as in law or equity may pertain.

Dated: July 26, 2017           Respectfully submitted,

IAIN MACK, in his capacity as Private Attorney General Representative,

*s/ Shannon Liss-Riordan*_____
Shannon Liss-Riordan, SBN 310719
LICHTEN & LISS-RIORDAN, P.C.

7
AMENDED PRIVATE ATTORNEY GENERAL ACT (PAGA) REPRESENTATIVE COMPLAINT